IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY CORBITT, *as personal representative and next of friend of the Estate of Brittney Corbitt, deceased*, <br><br> Plaintiff, <br><br> v. <br><br> HENRY COUNTY COMMISSION, *et al.*, <br><br> Defendants. | CASE NO. 1:22-CV-693-RAH-KFP <br> [WO] |

**MEMORANDUM OPINION AND ORDER**

In this 42 U.S.C. § 1983 action, Plaintiff Gary Corbitt, as personal representative of the Estate of Brittney Corbitt (Estate), complains that representatives from the Henry County Sheriff's Office failed to respond to Gary's 911 emergency phone calls made in response to gun fire which ultimately culminated in Brittney Corbitt's gun-related death. He also asserts the Henry County Commission (County Commission) acted in a discriminatory manner by providing unequal emergency police services based on the Corbitt family's race, color and/or national origin.

Pending before the Court is the Motion to Dismiss (Doc. 8) filed by the

1

County Commission. Corbitt has filed a response and the County Commission a reply. This matter is ripe for review.

## I. FACTUAL ALLEGATIONS

Construing the factual allegations in the Complaint as true, as the Court must at this procedural stage, the facts giving rise to this lawsuit are as follows:

**A. Corbitt Family**

The Corbitt family is black and lives on Ozark Road in Newville, Henry County, Alabama. (Doc. 1 at 3.) Brittney's aunt lives a few doors down from the Corbitts.

After an altercation with her roommate on February 17, 2022, Brittney Corbitt fled her apartment in Dothan, Alabama and went to Ozark Road in Newville. (Doc. 1 at 5.) Unfortunately, the individuals involved in the altercation in Dothan eventually followed her to Ozark Road. (*Id.*)

Upon arriving in Newville, Brittney and several young people gathered in an area somewhere along Ozark Road. Brittney's father, Gary, heard gunfire later that afternoon (3:54 p.m.), and texted Brittney to come home. (*Id.*) No law enforcement responded.

At some point, Brittney went to her aunt's house on Ozark Road. (*Id.* at 5-6.) After a second volley of gunfire was heard 90 minutes later (5:20 p.m.) near the aunt's house, Gary called 911 and reported that someone was shooting at Brittney.

2

(*Id*. at 6.)  The dispatcher said that she would dispatch the Henry County Sheriff's Office, which maintained its office approximately 10 minutes away from Ozark Road. (*Id*. at 6, 7.)

The dispatcher routed the call to Deputy Julian Alvarado, who apparently said that "They are always shooting over on Ozark Road." (*Id*. at 6.)  Deputy Alvarado did not respond to the call; instead, he ended his shift and went home. (*Id*.)

Approximately an hour and a half later (6:45 p.m.), Gary received a call stating that Brittney had been shot. (*Id*. at 7.)  Gary went a few doors down from his home to the scene, where he found Brittney shot in the head, bleeding, and lifeless. (*Id*.) Additional 911 calls were made, but neither the sheriff's office nor emergency responders arrived on the scene until at least an hour later.  (*Id*.)

**B. The Estate's Claims**

The Estate brings suit against Deputy Alvarado, Sheriff Will Maddox, the Houston County Sheriff's Office and the Henry County Commission.  Against the County Commission, the Estate brings claims under 42 U.SC. § 1981/1983 for violations of Brittney's Fourteenth Amendment equal protection rights and 42 U.S.C. § 2000d stemming from the County Commission's alleged failure to provide nondiscriminatory emergency services to Henry County residents, and an Alabama state law claim for wrongful death.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64. But if the facts in the complaint do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The County Commission moves for dismissal, arguing that as a matter of law

it cannot be held liable for the wrongful conduct of the Henry County Sheriff's Office, whether that liability is vicarious or stems from the failure to implement policies, training, or supervision protocols, and that to the extent the Estate alleges that the County Commission has acted in a discriminatory manner, the Complaint is completely devoid of facts supporting the allegation. The Estate argues that it is not attempting to hold the County Commission vicariously liable for the actions of the sheriff's office but instead is suing the County Commission for its own actions in operating the E-911 system in Henry County and in particular, its disparate treatment in providing emergency services to black residents in Henry County.

As a threshold matter, to the extent the Estate is attempting to hold the County Commission liable for the discriminatory acts or omissions of the Henry County Sheriff's Office, or its sheriff or deputies, those claims, regardless of theory, fail to state a claim and are due to be dismissed because Alabama state and federal courts have recognized that sheriffs and their deputies are officers and employees of the state, not the county. *See McMillian v. Monroe County, Alabama*, 520 U.S. 781, 789 (1997); *Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1239 (Ala. 2006) ("Sheriffs are not county employees ... particularly for purposes of imposing respondeat superior liability upon the county. [D]eputies ... are likewise not county employees."); *Cofield v. Randolph County Com'n*, 844 F.Supp. 1499, 1501 M.D. Ala. 1994).

The Estate attempts to argue around this legal hurdle by claiming that "a

focused reading of the Plaintiff's Complaint clearly shows that he is seeking to hold the Henry County Commission, who operates the County E-911 apparatus, directly liable for its racially discriminatory acts and omissions." (Doc. 14 at 5.) The problem with this assertion is that the Complaint is completely devoid of any facts remotely suggesting independent discriminatory acts or omissions by the County Commission. Nowhere does the Complaint allege, for example, that the County Commission – presumably the E-911 operators – fielded Gary Corbitt's 911 calls (or those from any other persons), yet did not act or forward them to the sheriff's office, law enforcement or emergency responders and failed to did so for race or other discriminatory reasons. Instead, if anything can be inferred from the factual allegations in the Complaint, it is that the E-911 dispatcher acted as she was required to do by routing the call to the sheriff's office.

A necessary factual component of any discrimination-based claim is that the accused act in a discriminatory manner. Vague and conclusory statements of discrimination are not sufficient. And here, the Complaint is completely silent as to any discriminatory actions by the County Commission. Simply put, the Estate has failed to sufficiently allege any policy, custom, practice, act or omission that supports liability against the County Commission. Vague and conclusory accusations of disparate treatment of the African-American residents of Henry County in the provision of emergency services are not enough to state a cause of

6

action against the County Commission, especially when the crux of the Estate's Complaint appears to be directed at the actions of Deputy Alvarado who instead of responding to the 911 call, decided to end his shift and go home.

While a plaintiff need not prove his claim at the motion to dismiss stage, he must allege enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Here, the Court cannot assess the plausibility of discriminations claims[1] that fail to allege even the most basic facts. The claims against the County Commission therefore must be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. The Motion to Dismiss (Doc. 8) filed by Defendant Henry County Commission is GRANTED;

2. The claims against the Henry County Commission are DISMISSED without prejudice, with leave given to file an amended complaint within fourteen (14) days of this Order.

---

[1] While the Complaint also purports to bring a state law wrongful death claim against the County Commission, that claim too is rooted in differential treatment and in not responding to emergency calls, which again are devoid of any factual support and in conflict with the actual facts pleaded in the Complaint – that the dispatcher called the sheriff's office.

DONE, on this the 8th day of June, 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE